1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PERRYMAN,                          No.  2:  15-cv-2646 KJN P

12             Plaintiff,

13        v.                                  ORDER

14   M.S. THOMAS, et al.,

15             Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

26  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

27  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

28  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2

1   In reviewing a complaint under this standard, the court must accept as true the allegations of the

2   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5          Plaintiff was found guilty of a prison disciplinary, i.e., assaulting an officer.  Plaintiff

6   alleges that he was denied his right to call a witness at the disciplinary hearing.  Plaintiff alleges

7   that if his witness had testified, he would have been found innocent of the charges.  As relief,

8   plaintiff seeks money damages.

9          The rules violation report states that plaintiff was assessed 61 days of time credits as a

10  result of being found guilty of the charges.  (ECF No. 1 at 78.)

11         In order to recover damages for an allegedly unconstitutional conviction or imprisonment,

12  or for other harm caused by actions whose unlawfulness would render a conviction or sentence

13  invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed,

14  expunged or declared invalid.  Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).  Heck bars a

15  claim of unconstitutional deprivation of time credits because such a claim necessarily calls into

16  question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of

17  the plaintiff's sentence.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).

18         Plaintiff's claim implicates the validity of his prison disciplinary conviction for which he

19  was assessed time credits.  Plaintiff does not allege that the prison disciplinary conviction has

20  been reversed, expunged or declared invalid.  Accordingly, plaintiff's claim alleging that he was

21  denied his right to call a witness is barred by Heck.  In an abundance of caution, the complaint is

22  dismissed with leave to amend in case plaintiff can demonstrate that his claim is not Heck barred.

23         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

25  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

26  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

27  some affirmative link or connection between a defendant's actions and the claimed deprivation.

28  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

3

1    (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

2    rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This requirement exists

6    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9    original complaint, each claim and the involvement of each defendant must be sufficiently

10   alleged.

11         On December 22, 2015, plaintiff filed a motion for a temporary restraining order.  (ECF

12   No. 2.)  Plaintiff alleges that he is being denied adequate law library access.  "The proper legal

13   standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to

14   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

15   relief, that the balance of equities tips in his favor, and that an injunction is in the public

16   interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v.

17   Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Because plaintiff's motion does

18   not address the merits of this action, the undersigned construes the motion for injunctive relief as

19   a motion for a protective order.

20         Plaintiff alleges that is allowed two hours per week of general law library access and four

21   hours per week if he has preferred legal user ("PLU") status.  Because plaintiff is granted thirty

22   days to file his amended complaint, he should be granted PLU status.  Four hours of law library

23   access per week is sufficient time to prepare an amended complaint if plaintiff decides to amend

24   his complaint.

25         In accordance with the above, IT IS HEREBY ORDERED that:

26         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

27         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

28   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4

1 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2 Director of the California Department of Corrections and Rehabilitation filed concurrently

3 herewith.

4      3.  Plaintiff's complaint is dismissed.

5      4.  Within thirty days from the date of this order, plaintiff shall complete the attached

6 Notice of Amendment and submit the following documents to the court:

7      a.  The completed Notice of Amendment; and

8      b.  An original and one copy of the Amended Complaint.

9 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

10 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

11 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

12 Failure to file an amended complaint in accordance with this order may result in the dismissal of

13 this action.

14      5.  Plaintiff's motion for a temporary restraining order (ECF No. 2), construed as a motion

15 for a protective order, is denied.

16 Dated:  January 4, 2016

17

18                    KENDALL J. NEWMAN
   Perry1646.14                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PERRYMAN,                         No.  2:  15-cv-2646 KJN P

12              Plaintiff,

13      v.                                   NOTICE OF AMENDMENT

14   M.S. THOMAS, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19        _____               Amended Complaint
     DATED:
20

21                                      _____

22                                      Plaintiff

23
24
25
26
27
28