UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No.  2:15-cv-2646 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| S.W. THOMAS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 4, 2016, the undersigned dismissed plaintiff's complaint with thirty days to file an amended complaint.  (ECF No. 5.)  Pending before the court is plaintiff's request for a competency hearing and appointment of a guardian ad litem (ECF No. 10), amended request for temporary restraining order (ECF No. 11), and motion for extension of time to file an amended complaint (ECF No. 12).

*Request for Competency Hearing and Appointment of Guardian ad Litem*

Plaintiff alleges that he is not competent to represent himself.  Plaintiff alleges that he has had schizophrenia for all of his life for which he takes psychiatric medication.  Plaintiff alleges that he is currently in the prison psychiatric program and is housed in the "hole" for psychiatric inmates.  Plaintiff also alleges that he has recently had visual hallucinations.  Plaintiff alleges that he has no documentation to support these claims, but may be able to obtain this documentation

from prison officials.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Allen, 408 F.3d at 1152–54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal.App.4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal.App.4th 661, 666–67 (2001)).

The undersigned accepts plaintiff's representations that he suffers from a serious mental illness for which he is being treated. However, the undersigned observes that plaintiff's pleadings demonstrate that plaintiff appears to understand the nature and consequences of these proceedings. For example, plaintiff's pending motion for extension of time clearly sets forth five grounds for granting the request for extension of time. (ECF No. 12.) These grounds include 1) plaintiff's health concerns; 2) plaintiff's mental illness; 3) inadequate law library access; 4) plaintiff's ten other pending cases; and 5) inadequate access to pens and paper. (Id.)

Plaintiff's pleadings in the instant action, as well as his representation that he has ten other active cases, demonstrate that plaintiff understands the nature and consequences of this action. Accordingly, plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied.

////

////

*Amended Request for Injunctive Relief*

On December 22, 2015, plaintiff filed a motion for injunctive relief alleging inadequate law library access. (ECF No. 2.) Plaintiff alleged that he was allowed two hours per week of general law library access and four hours per week if he had preferred legal user ("PLU") status. The undersigned construed plaintiff's motion for injunctive relief as a motion for protective order. (ECF No. 5.) The undersigned denied this motion on grounds that plaintiff would be granted PLU status to prepare the amended complaint, and four hours of law library access per week was sufficient time to prepare the amended complaint.

In the amended request for injunctive relief, plaintiff again alleges that he is receiving inadequate law library access. In support of this request, plaintiff refers to his declaration filed in support of his pending motion for extension of time to file an amended complaint. (ECF No. 12.) In this declaration, plaintiff states that four hours per week is not adequate because he requires additional time to research the complicated issues raised by this action.

Federal Rule of Civil Procedure 8(a) provides that a complaint shall contain a *short* and *plain* statement of the claim. In other words, plaintiff's amended complaint should not contain extensive legal briefing. The undersigned again finds that plaintiff has failed to demonstrate that he is receiving inadequate law library access. Accordingly, plaintiff's amended request for injunctive relief, construed as a motion for protective order, is denied.

*Motion for Extension of Time*

Plaintiff requests a ninety days extension of time to file his amended complaint. As stated above, the grounds of this request are plaintiff's health problems, plaintiff's mental illness, inadequate law library access, the time plaintiff must spend working on his other cases, and inadequate access to pens and paper.

Plaintiff is granted a sixty days extension of time to file his amended complaint. No further requests for extension of time will be granted. If plaintiff does not file his amended complaint within that time, the undersigned will recommend dismissal of this action.

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a competency hearing and appointment of a guardian ad litem (ECF No. 10) is denied;

2. Plaintiff's amended request for injunctive relief (ECF No. 11), construed as a motion for a protective order, is denied;

3. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 12) is granted; plaintiff is granted sixty days from the date of this order to file an amended complaint; no further requests for extension of time will be granted.

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perr2646.36