UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>M.S. THOMAS, et al.,<br><br>          Defendants. | No. 2: 15-cv-2646 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  (ECF No. 24.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

     Named as defendants are Warden Duffy and Correctional Lieutenant Thomas.  Plaintiff alleges that defendant Thomas presided over a disciplinary hearing where plaintiff was charged with assaulting a peace officer.  Plaintiff alleges that defendant Thomas denied plaintiff's request to call Dr. Gray as a witness in violation of his right to due process.  Plaintiff alleges that Dr. Gray would have testified that plaintiff did not assault the officer.  Plaintiff alleges that defendant Thomas found plaintiff guilty and assessed 60 days of time credits.  Plaintiff seeks money damages for the alleged violation of his right to due process.

     In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence

1

invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged or declared invalid. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Plaintiff's claim implicates the validity of his prison disciplinary conviction for which he was assessed time credits. Plaintiff does not allege that the prison disciplinary has been reversed, expunged or declared invalid. Accordingly, plaintiff's claim that he was denied his right to call a witness is barred by Heck. Because it is clear that plaintiff cannot cure this pleading deficiency, the undersigned recommends that this action be dismissed.

On April 6, 2016, plaintiff filed a motion for a competency hearing and for appointment of a guardian ad litem. (ECF No. 21.) The grounds of this request are plaintiff's mental illness. On January 22, 2016, plaintiff filed a motion for a competency hearing and for appointment of a guardian ad litem. (ECF No. 10.) On January 29, 2016, the undersigned denied this motion. (ECF No. 13.) The grounds of plaintiff's pending request for a competency hearing and for appointment of a guardian ad litem are the same as those made in the January 22, 2016 request. In other words, there is no indication that plaintiff's mental health status has significantly changed between the filing of these two motions. Accordingly, for the reasons stated in the January 29, 2016 order, plaintiff's April 6, 2016 motion for a competency hearing and for appointment of a guardian ad litem is denied.

On April 6, 2016, plaintiff filed a motion for a temporary restraining order. (ECF No. 22.) Plaintiff alleges that inmates in the Psychiatric Services Unit ("PSU"), where he is now housed, classified with preferred legal user status ("PLU") receive four hours of law library access per week if they have a court order giving them a 30 day deadline. Plaintiff requests that the court order prison officials to grant him permanent PLU status.

Because the undersigned recommends that this action be dismissed, plaintiff's request for permanent PLU status is moot. Accordingly, plaintiff's request for permanent PLU status, contained in his motion for a temporary restraining order, is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a competency hearing and for appointment of a guardian ad litem (ECF No. 21) is denied;

2. Plaintiff's request for permanent PLU status, contained in his motion for a temporary restraining order (ECF No. 22), is denied;

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Per2646.dis